IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HERBERT F. DAVIS             :
       Petitioner

   v.                       :   CIVIL ACTION NO. JFM-06-683

U.S. ATTORNEY GENERAL[1]     :
U.S. PAROLE COMMISSION
U.S. BOP                     :
U.S. PUBLIC DEFENDERS
STATE OF SOUTH CAROLINA      :
       Respondents

## MEMORANDUM

On March 15, 2006, Herbert F. Davis, presently held at the Marion County Jail in Ocala, Florida and awaiting transfer to Maryland,[2] filed a pleading entitled "Civil Rights Complaint Form" which has been accepted by the Clerk and construed as a request for habeas corpus relief under 28 U.S.C. § 2241. Petitioner will be granted *in forma pauperis* status for the purpose of preliminary review of his pleading.

The core relief requested by Petitioner is immediate release from detention. He also seeks money damages and complains that various state and federal sentences imposed by courts in Georgia and South Carolina have expired, yet continue to be used against him by federal parole and probation authorities in various jurisdictions, including Maryland.

---

[1] In a habeas corpus proceeding, the appropriate respondent is the "person having custody of the person detained." 28 U.S.C. § 2243. In this case, it appears petitioner is in the custody of the Warden of the Marion County Jail.

[2] Petitioner was convicted in this court on February 6, 1991, for two counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (f), one count of assault on bank employees during the commission of a robbery in violation of 18 U.S.C. §§ 2113(a) and (f), and one count of the use of a firearm during the commission of a robbery in violation of 18 U.S.C. § 924(c). On April 25, 1991, he was sentenced to 150 months imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's convictions on May 21, 1992. *See United States v. Davis*. 962 F.2d 8 (4th Cir. 1992). Although unclear, it appears petitioner believes he will be returned to Maryland under a detainer warrant charging him with violating supervised release with regard to his Maryland conviction.

The information is set forth by petitioner regarding this problem is scant at best. A § 2241 petition must be brought in district in which petitioner is incarcerated. *See In Re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner may choose to pursue his claim concerning the alleged miscalculation of sentences in the federal district wherein he currently is detained. Alternatively, he may choose to pursue such claim in this court, after he is transferred here. His habeas corpus claim cannot, however, proceed in this court at the present time.

Finally, Petitioner seeks money damages for the period during which he allegedly has been wrongfully detained or incarcerated due to miscalculation of time served  Any claim for money damages is premature unless and until petitioner prevails on the merits of his § 2241 claim. *See Heck v. Humphrey*, 512 U.S.477 (1994). The claim for money damages is subject to dismissal without prejudice at this time. Petitioner may request civil rights forms from the Clerk should he later wish to pursue this type of claim.

A separate Order dismissing this case follows.

<u>March 22, 2006</u>     /s/_____
(Date)                J. Frederick Motz
                      United States District Judge